IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Vickie Lightle, | C/A No. 0:17-1009-DCC |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Nancy A. Berryhill, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for Disability Insurance Benefits ("DIB"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling. On April 19, 2018, Magistrate Judge Paige J. Gossett issued a Report and Recommendation ("Report"), recommending that the decision of the Commissioner be affirmed. ECF No. 16. On May 11, 2018, Plaintiff filed objections to the Report, and the Commissioner filed a reply on May 23, 2018. ECF Nos. 20, 22.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71. The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act ("the Act") is a limited one. Section 205(g) of the Act provides, "[t]he

1

findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## **BACKGROUND**

Plaintiff applied for DIB in March 2013, alleging that she has been disabled since February 28, 2012, due to an injury to her neck and left shoulder,[1] chronic obstructive pulmonary disease, high blood pressure, acid reflux, and depression. Plaintiff's claims were denied initially and upon reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on August 13, 2015. The ALJ denied

---

[1] Plaintiff suffered an injury to her left shoulder at work and filed a claim with the South Carolina Workers' Compensation Commission.

Plaintiff's claims in a decision issued on October 27, 2015. Plaintiff submitted additional evidence to the Appeals Council, which denied Plaintiff's request for review on March 2, 2017, making the determination of the ALJ the final decision of the Commissioner.

**DISCUSSION**

The Magistrate Judge recommends that the Court affirm the Commissioner's decision because it is supported by substantial evidence and the proper legal standards were applied. Plaintiff objects to the Report, raising three objections, claiming the Magistrate Judge erred in: (1) failing to afford great weight to Plaintiff's treating physicians but giving great weight to the opinions of the state agency medical consultants; (2) failing to address the vocational assessment of Dr. Hecker; and (3) finding there is substantial evidence to support the ALJ's finding that Plaintiff could perform her past relevant work. The Court finds the first issue dispositive of this appeal and needs not reach the remaining issues.

Under the regulations of the Social Security Administration,[2] the Commissioner is obligated to consider all medical evidence presented, including the opinions of medical sources. 20 C.F.R. § 1527(c). The regulations require ALJs to "give more weight to medical opinions from [a plaintiff's] treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a plaintiff's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from

---

[2] As the Magistrate Judge correctly notes, numerous social security regulations and rulings have changed effective March 27, 2017. However, these changes only apply to claims filed on or after March 27, 2017. Therefore, all references in this Order are to the prior versions of the regulations that were in effect at the time Plaintiff's application was filed, unless otherwise specified.

3

reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.1527(c)(2). If the ALJ "find[s] that a treating source's medical opinion on the issue(s) of the nature and severity of [a plaintiff's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [a plaintiff's] case record, [the ALJ] will give it controlling weight." *Id.* When, however, the ALJ does not give a treating physician's opinion controlling weight, the ALJ must consider a number of factors including: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the supportability of the physician's opinion; (4) the consistency of the opinion with the medical records; (5) whether the physician is a specialist; and (6) any other relevant factors. *Id.* § 416.927(c).

The ALJ began its discussion of Plaintiff's treating physicians by stating "[a] claimant's treating physician in the context of a workers compensation claim often serves as an advocate for the claimant and may describe excessive limitations to enhance the claimant's financial recovery." R. 40–41. The ALJ then gives partial weight to the opinions of Dr. Allan Posta, Plaintiff's surgeon; some, limited weight to the opinion of Dr. James Behr, Plaintiff's pain specialist; partial, limited weight to the opinion of Dr. Stefan Tolan, Plaintiff's surgeon; and appears to give limited weight to the opinions of Dr. Charles Kanos, Plaintiff's surgeon, though the ALJ does not elaborate on this issue. R. 41–43. In contrast, the ALJ gave great weight to the opinions of the State agency psychological and medical consultants. R. 42–43.

The Court has reviewed the medical records and finds that they generally support the opinions of Plaintiff's treating physicians that she is disabled. However, the Court

4

need not delve into the minutia of the medical records in this case, for the Court determines that the ALJ's opinion is infected with an error of law warranting remand.

The ALJ fundamentally misunderstands the South Carolina Workers' Compensation system, and that misunderstanding makes his evaluation of Plaintiff's treating physicians' opinions impossible to properly evaluate on appellate review. Employers, not employees, choose treating physicians in the Workers' Compensation system. *See* S.C. Code Ann. § 42-15-60(A) ("The employer shall provide medical, surgical, hospital, and other treatment, including medical and surgical supplies as reasonably may be required . . . to effect a cure or give relief . . . ."); *see also Clark v. Aiken Cty. Gov't*, 620 S.E.2d 99, 104 (S.C. Ct. App. 2005) ("The Workers' Compensation Act provides that the employer retains the right to name the authorized treating physician once a case has been accepted. Refusal by the claimant to accept treatment generally bars further compensation"). Yet, the ALJ's decision is clearly influenced by an erroneous belief that the physicians treating Plaintiff for her Workers' Compensation claim were biased in her favor and had incentive to exaggerate her disability.

Specifically, the ALJ writes in his decision that, "[a] claimant's treating physician in the context of a workers compensation claim often serves as an advocate for the claimant and may describe excessive limitations to enhance the claimant's financial recovery." R. 40–41. This statement clearly evidences the ALJ's apparent ignorance of the fact that the employer's insurance carrier selects and pays the treating physician in the workers' compensation context. Accordingly, if there is any bias based upon financial incentive, or otherwise, it is for the physician to minimize the claimant's impairments and certify a return to work as soon as possible. While the ALJ notes that "nevertheless, the potential

5

conflict of interest that inherently arises for a treating source in a workers compensation case may necessarily reflect on the supportability and consistency of his opinion," the actual potential for conflict of interest is against the claimant, not in her favor.  R. 41.

After these misguided musings on the apparent claimant-favored bias inherent in the South Carolina Workers' Compensation system, the ALJ then transitions to his evaluation of the opinion evidence by stating, "[w]ith all of these thoughts in mind, the undersigned turns to the sizeable amount of opinion evidence present in the claimant's case that was generated by her workers compensation claim." *Id.*  The Social Security Regulations allow ALJs to consider factors other than those specifically set forth in 20 C.F.R. § 404.1527 in evaluating medical evidence.  However, the Regulations do not permit an ALJ to assume bias based on a fundamental legal error about how the South Carolina Workers' Compensation system works.

Of course, the Social Security Regulations do not require an ALJ to accept the finding of any other governmental agency, including the South Carolina Workers' Compensation Commission.  *See* 20 CFR § 404.1504.  Therefore, analyzing the opinion evidence in the context of the applicable Workers' Compensation regulations would be appropriate.  Erroneously assuming bias without any basis in fact, however, is not.  The ALJ's opinion analysis is tainted, and a remand is warranted for an ALJ to objectively evaluate the opinion evidence in this case consistent with the applicable law and regulations.

## **CONCLUSION**

For the reasons set forth above, the Court respectfully **DECLINES** to adopt the Report, **REVERSES** the decision of the Commissioner, and **REMANDS** pursuant to

6

sentence four of 42 U.S.C. § 405(g) for further evaluation of Plaintiff's claim as indicated above.

    IT IS SO ORDERED.

                                                    s/ Donald C. Coggins, Jr.
                                                    United States District Judge

September 10, 2018
Spartanburg, South Carolina