UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Vickie Lightle, | ) C/A No. 0:17-cv-01009-DCC |
|---|---|
| Plaintiff, | ) |
| vs. | ) ORDER |
| Commissioner of Social Security, | ) |
| Defendant. | ) |

On October 1, 2018, John B. Duggan, counsel for Plaintiff, filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). ECF No. 27. After reviewing the Motion, the Court determined that the requested attorney's fees were based on an outdated hourly rate and directed Duggan to file supplemental briefing using the correct hourly rate and Consumer Price Index values. ECF No. 30. On December 21, 2018, Duggan filed a Supplemental Memorandum in Support of his Motion for Attorney's Fees. ECF No. 31. In the Supplemental Memorandum, Duggan requests reimbursement for representation provided in the above-referenced case in the amount of $4,451.48 (representing 22 hours of work at a rate of $202.34 per hour). On January 2, 2019, Defendant filed a Response, in which she noted no opposition to Plaintiff's request. ECF No. 33.

Under the EAJA, a court shall award attorney's fees to a prevailing party in certain civil actions against the United States unless the court finds that the government's position was substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). To determine whether the Commissioner was "substantially justified" in

terminating social security benefits and thus whether an award of attorney's fees under the EAJA is warranted, a court asks whether there was arguably substantial evidence to support the Commissioner's position. *Anderson v. Heckler*, 756 F.2d 1011 (4th Cir. 1984). However, an EAJA attorney's fees award is payable to the litigant and, therefore, is subject to an offset to satisfy the litigant's pre-existing debt to the Government. *Astrue v. Ratliff*, 560 U.S. 586, 594 (2010).

After careful consideration of the parties' filings and the applicable legal authority, the Court concludes that the Commissioner's position was not substantially justified and that the requested fees should be awarded. As noted, the Commissioner does not object to Plaintiff's motion for an award of fees.

Therefore, Plaintiff's motion for attorney's fees under the EAJA is granted. The Commissioner is ordered to award Plaintiff $4,451.48 in attorney's fees. EAJA fees awarded by this Court belong to the Plaintiff and are subject to offset under the Treasury Offset Program (31 U.S.C. § 3716(c)(3)(B) (2006)). In the event Plaintiff has no present debt subject to offset and Plaintiff has executed a proper assignment to Plaintiff's counsel, Defendant is directed to make the payment due to Plaintiff's counsel. If Plaintiff has no debt subject to offset and no proper assignment has been made by Plaintiff to counsel, Defendant is directed to make the check due pursuant to this Order payable to Plaintiff and delivered to Plaintiff's counsel.

IT IS SO ORDERED.

April 16, 2019                                                  s/Donald C. Coggins, Jr.
Spartanburg, South Carolina                          United States District Judge